United States District Court
Northern District of California

1
2
3
4           UNITED STATES DISTRICT COURT
5           NORTHERN DISTRICT OF CALIFORNIA
6
7    MARGURIETE MATTINGLY,                    Case No.  24-cv-03061-EMC
8                      Plaintiff,
9           v.                               **ORDER GRANTING PLAINTIFF'S
                                             MOTION TO REMAND**
10   HILLARY CARLVIN JUSTICE,
11                     Defendant.            Docket No. 9
12
13
14          Plaintiff Marguriete Mattingly, as successor trustee of the Leabig Trust, initiated this suit

15   in state court against Defendant Hillary Carlvin Justice.  Ms. Mattingly asserted a claim for

16   unlawful detainer and stated that the amount demanded did not exceed $10,000.  Mr. Justice,

17   proceeding pro se, removed the case from state to federal court.  Now pending before the Court is

18   Ms. Mattingly's motion to remand.  Having considered the papers submitted, the Court finds this

19   matter suitable for disposition without oral argument.  The motion to remand is **GRANTED**.[1]

20          I.        **FACTUAL & PROCEDURAL BACKGROUND**

21          Both parties have provided the Court with a copy of the complaint in the case.  In the

22   complaint, Ms. Mattingly alleges as follows.

23
24
25   _____
26   [1] After the motion to remand was filed, Mr. Justice filed a notice asking if the undersigned had a
     conflict of interest that would preclude it from adjudicating the case.  *See* Docket No. 10 (notice);
27   *see also* Opp'n at 1.  The Court confirms that there is no conflict, actual or potential (*e.g.*, because
     of Ms. Mattingly or her counsel).  Nor does the Court have a bias against Mr. Justice who seems
28   to have previously appeared before him in a different case.

United States District Court
Northern District of California

1   In or about January 2022, the predecessor in interest to Ms. Mattingly[2] and Mr. Justice

2   entered into an oral agreement under which Mr. Justice would be an at-will tenant at certain real

3   property located in Martinez, California.  Mr. Justice was not required to pay any rent.

4   Subsequently, in or about December 2023, Ms. Mattingly, as successor trustee, issued a 30-day

5   notice to quit to Mr. Justice by posting a copy of the notice on the premises.

6   Presumably, because Mr. Justice did not vacate the premises, Mr. Mattingly filed the suit

7   for unlawful detainer.  As relief, Ms. Mattingly asked for forfeiture of the at-will tenancy

8   agreement and damages of $131.50 per day (*i.e.*, the fair rental value of the premises) as of

9   January 30, 2024.

10   Ms. Mattingly filed her complaint on February 8, 2024.  *See* Sepehr Decl. ¶ 2 & Ex. 1

11   (complaint).  Mr. Justice answered a few weeks later, apparently prior to formal service on process

12   on March 21, 2024.  *See* Sepehr Decl. ¶¶ 3-4 & Exs. 2-3 (answer and proof of service for

13   summons and complaint).

14   Approximately two months later, on May 21, 2024, Mr. Justice removed the case from

15   state to federal court.  However, at the time that Mr. Justice removed, significant proceedings had

16   already occurred in state court.  Specifically, Ms. Mattingly filed a motion for judgment on the

17   pleadings with the state court, and a hearing was held on April 19, 2024.  *See* Sepehr Decl. ¶ 5.  At

18   the hearing, the state court granted the motion and issued a judgment in favor of Ms. Mattingly,

19   terminating the at-will tenancy and awarding damages in excess of $11,000.  *See* Sepehr Decl. ¶¶

20   6-7 & Exs. 4-5 (state court order and final judgment).  Only after entry of final judgment did Mr.

21   Justice remove the case from state to federal court.

22   ## II.   DISCUSSION

23   Ms. Mattingly moves for a remand of this case back to state court.  She argues that remand

24   is warranted for multiple reasons: (1) Mr. Justice had no authority to remove a state court case that

25   already has been adjudicated; (2) Mr. Justice's removal was not timely; and (3) the Court lacks

26   subject matter jurisdiction over the case.  The Court finds each of these arguments meritorious.

27

28   [2] The parties seem to agree that the predecessor in interest was Norman Leabig.

1   On (1), there is no basis to remove a case that has already reached a final judgment.  *See*

2   Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3721.1 (4th ed.) (noting that "removal cannot

3   breathe life into an expired claim"; "defendants may not remove a case from a state court to a

4   federal court after the state court has entered a final judgment that terminates the litigation").  *See,*

5   *e.g.*, *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988)

6   (stating that "it would be a perversion of the removal process to allow a litigant who is subject to a

7   final judgment to remove that final judgment to the federal courts for further litigation"); *Mestice*

8   *v. McShea*, 201 F.2d 363, 364 (3d Cir. 1953) (stating that there were "no proceedings to remove

9   here" because "[t]he state litigation terminated in a judgment which is now final"; "[t]his court has

10  no authority to sit in review of that judgment").  In his opposition, Mr. Justice seems to take issue

11  with how the state court proceedings were litigated.  *See, e.g.*, Opp'n at 3-4.  However, if Mr.

12  Justice wanted to challenge what happened in state court, he should have appealed to a state court

13  appellate court, not remove the case to federal court.

14  Regarding (2), the removal statute provides that the notice of removal must be "filed

15  within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

16  initial pleading setting forth the claim for relief upon which such action or proceeding is based."

17  28 U.S.C. § 1446(b)(1).  Here, Mr. Justice answered the complaint on February 26, 2024, *see*

18  Sepehr Decl., Ex. 2 (answer); thus, he should have removed by March 27, 2024, at the latest.  He

19  did not.  Even if the removal clock did not start running until March 21, 2024 – when Mr. Justice

20  was formally served with the summons and complaint – he should have removed the case by late

21  April 2024.  Again, he did not.  Instead, he waited until May 21, 2024, to remove.  His removal

22  was therefore untimely.

23  Finally, on (3), there is no apparent basis for subject matter jurisdiction.  No federal

24  question is raised in Ms. Mattingly's complaint for unlawful detainer.  *See* 28 U.S.C. § 1331 ("The

25  district courts shall have original jurisdiction of all civil actions arising under the Constitution,

26  laws, or treaties of the United States.").  Nor is there diversity jurisdiction given that Ms.

27  Mattingly and Mr. Justice both appear to be citizens of California (*i.e.*, are not diverse), and the

28  amount in controversy as pled in the complaint does not exceed $75,000.  *See id.* § 1332(a)(1)

1    ("The district courts shall have original jurisdiction of all civil actions where the matter in

2    controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

3    (1) Citizens of different States . . . .").  In his notice of removal as well as his opposition, Mr.

4    Justice asserts that Ms. Mattingly violated the terms of the trust agreement and denied his

5    Fourteenth Amendment rights.  *See* Docket No. 1 (Not. of Removal at 5); Opp'n at 2 (arguing that

6    Ms. Mattingly "is no longer the successor Trustee base[d] on a violation to the trust which

7    happen[ned] in November 2023 pertaining to fraud and undue influence to Norman C. Leabig").

8    However, it is "settled law that a case may not be removed to federal court on the basis of a federal

9    defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties

10   admit that the defense is the only question truly at issue in the case."  *Franchise Tax Bd. v. Constr.*

11   *Laborers Vacation Trust*, 463 U.S. 1, 14 (1983); *see also Retail Prop. Trust v. United Bhd. of*

12   *Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (noting that "'federal jurisdiction

13   exists only when a federal question is presented on the face of the plaintiff's properly pleaded

14   complaint'"; thus, "'a case may not be removed to federal court on the basis of a federal

15   defense'").  The fact that Mr. Justice has now filed counterclaims[3] – asserting constitutional

16   violations – also is not a basis for subject matter jurisdiction.  *See Holmes Grp., Inc. v. Vornado*

17   *Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002) (stating that "a counterclaim – which

18   appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as

19   the basis for [federal question] jurisdiction"; declining to "transform the longstanding well-

20   pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule'").

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27

28   _____
     [3] Mr. Justice filed his counterclaims after Ms. Mattingly filed her reply brief in support of the
     motion to remand.

The Court therefore grants Ms. Mattingly's motion to remand.  The Clerk of the Court is instructed to remand the case back to Contra Costa Superior Court.

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: August 5, 2024

_____
EDWARD M. CHEN
United States District Judge