UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGURIETE MATTINGLY,<br>Plaintiff,<br>v.<br>HILLARY CARLVIN JUSTICE,<br>Defendant. | Case No. 24-cv-03061-EMC<br><br>**ORDER RE DEFENDANT'S NOTICE**<br><br>Docket No. 30 |

Defendant has filed a document titled "Notice with leave to set aside attach[ed] Order for good cause, Title 28 USC § 455." The attached order is the Court's corrected order denying Defendant's motion for leave to proceed on appeal in forma pauperis ("IFP").

To the extent Defendant is contesting the Court's ruling denying him the right to proceed on appeal IFP, he must seek relief with the Ninth Circuit, not this Court. *See* Fed. R. App. P. 24(a)(5) (providing that "[a] party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4) [where a district court denies a motion to proceed on appeal IFP]").

It is not clear from the content of Defendant's filing whether he seeks any other relief, in particular, from this Court. However, to the extent Defendant suggests that this Court should have been or should be disqualified from adjudicating matters in his case pursuant to 28 U.S.C. § 455 (providing that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" as well as in certain specified circumstances), the Court finds no basis for that position. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"; "opinions

formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

**IT IS SO ORDERED**.

Dated: September 3, 2024

_____
EDWARD M. CHEN
United States District Judge