UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGURIETE MATTINGLY,<br><br>   Plaintiff,<br><br>  v.<br><br>HILLARY CARLVIN JUSTICE,<br><br>   Defendant. | Case No. 24-cv-03061-EMC<br><br>**ORDER RE DEFENDANT'S MOTION FOR IMPEACHMENT**<br><br>Docket No. 32 |

  Defendant/Counter-Plaintiff has filed a document captioned: "[Counter Plaintiff] moves the Court for impeachment of United State[s] District Court Judge Edward Chen FRCP 55(b)(D), 60(d)(3).  28 USC § 455, § 1441(a), § 2283."

  Given the caption and content of this document, it seems unlikely that Defendant is seeking any relief from the undersigned.  In this regard, the Court notes that, at the end of the filing, he states: "Laphonza Butler Senator Please submit for Impeachment of Judge Edward Chen for failing to correct a wrong or act according to Plaintiff rights."

  Out of an abundance of caution, however, the Court addresses the main arguments raised by Defendant.

  To the extent Defendant seeks the disqualification of the undersigned, the Court reiterates that "judicial rulings alone almost never constitute a basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Simply because an adverse ruling has been rendered is not a sufficient basis for disqualification.  *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993)  ("To warrant recusal, judicial bias must stem from an extrajudicial source.  '[A] judge's prior adverse ruling is not sufficient cause for recusal.").  Here, Defendant is

essentially seeking disqualification on the basis of prior adverse rulings alone.  See, e.g., Mot. at 2 (asserting that "Courts are bound by consistent circuit authority not to remand [f]or procedural defects that Judge Chen has attempted to pass over" and that "[s]ta[te] court action had no grounds for judg[]ment when failing to [p]rovide Constitutional protection"); Mot. at 3 (arguing that "Judge Chen has display[ed] deep unfairness for grounds to [b]e removed for impeachment on the grounds of failing to follow the Court standing [o]rders and FRCP which apply to this Court as well").

To the extent Defendant is seeking reconsideration of the Court's remand order, that request for relief is denied.  *Ramos v. LVNV Funding, LLC*, 379 F. Supp. 3d 437 (E.D. Pa. 2019), is not on point.  *See id.* at 443 (noting that there is both federal and state jurisdiction over FDCPA claims).  Title 28 U.S.C. § 1367 does allow for supplemental jurisdiction; however, the statute requires that there *first* be original subject matter jurisdiction over a claim before supplemental jurisdiction over other claims is possible.  *See* 28 U.S.C. § 1367(a) (providing that, "in any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution") (emphasis added).  As the Court held in its remand order, there is no original subject matter jurisdiction over the case at bar.

Finally, the Court notes that this case is closed.  If Defendant wishes to make further filings in this case, he must ask the Court for leave to do so and further establish good cause for the filing.  The filing shall otherwise be stricken.

**IT IS SO ORDERED**.

Dated: September 12, 2024

_____
EDWARD M. CHEN
United States District Judge

2